IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41359
Conference Calendar

_____


ERNEST D. NEWMAN,

                                        Plaintiff-Appellant,

versus

S.O. WOODS; JASON CALHOUN, University of Texas
Medical Branch Director,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-389
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Ernest D. Newman, Texas prisoner # 560787, appeals the
district court's dismissal without prejudice of his 42 U.S.C.
§ 1983 complaint for failure to obey a court order.  Newman has
failed to brief the relevant issue, as he has provided neither
argument nor authorities to show that the district court erred in
dismissing his suit.  See Yohey v. Collins, 985 F.2d 222, 225
(5th Cir. 1993); FED. R. APP. P. 28(a)(9).  Accordingly, this
appeal is dismissed as frivolous.  5TH CIR. R. 42.2.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This dismissal of a frivolous appeal constitutes one strike against Newman for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Newman has already accumulated two other strikes in this court. Newman v. Johns, No. 00-41176 (5th Cir. May 10, 2001); Newman v. Brock, No. 00-409549 (5th Cir. Feb. 14, 2001). Because he has now accumulated three strikes, Newman will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Newman has filed a motion seeking the enforcement of prison policies. In that motion, Newman raises claims that accrued after the filing of the complaint now before us. We decline to address those claims as they are raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Newman has also moved to supplement the record with "All Attachments of Reported Retaliations," which attachments are irrelevant to the district court's dismissal of his suit. Both motions are DENIED.

APPEAL DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2. THREE STRIKES BAR IMPOSED. 28 U.S.C. § 1915(g). MOTIONS DENIED.